IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KELLY JEROME FRANKLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>OFC. A. KOLACZ,<br>OFC. K. AILSTOCK,<br>MAJOR PEPPERS,<br>OFC. K. RUSSELL,<br>OFC. PARO,<br>DAVID KWAD, RN,<br>WARDEN WILLIAM BAILEY, and<br>CPT. PURNELL,<br><br>    Defendants. | Civil Action No.:  PX-23-2813 |

**MEMORANDUM OPINION**

This case arises from a prison fight gone awry.  Plaintiff Kelly Jerome Franklin, an inmate at the Eastern Correctional Institution ("ECI"), sues Defendants Officers Kolacz, Ailstock, Russell and Paro, along with Major Peppers, Warden Bailey, and Captain Purnell, for excessive force and constitutionally inadequate care.  ECF No. 1.  Pending is Defendants' motion to dismiss or, in the alternative, for summary judgment to be granted in their favor.  ECF No. 15.  The Court previously advised Franklin of his right to respond to the motion.  ECF No. 18.  Franklin has not responded and the time to do so has passed.  No hearing is necessary.  *See* L. R. 105.6 (D. Md. 2023).  For the following reasons, Defendants' motion, construed one for summary judgment, will be granted.

**I.    Background**

On July 28, 2023, Franklin's cellmate stabbed him just above his lip with a pen.  ECF No. 1 at 4.  As Franklin struggled with his cellmate to take the pen away, Officer Kolacz responded

and ordered the two men to stop fighting.  ECF No. 15-2 at 3.  Kolacz also called for assistance, to which Officers Kyle Ailstock, Daric Evans, and Vincent Jones responded.  *Id*.

Franklin and his cellmate continued to fight, while Franklin tried to get the pen away from his attacker.  ECF No. 1.  In response, Kolacz and Ailstock pepper sprayed Franklin through the opened door slot while shouting commands for the men to stop fighting.  ECF No. 15-2.  Contemporaneous video footage confirms that Kolacz and Ailstock deployed short bursts of pepper spray into the cell and then both prisoners were escorted from the cell in restraints without incident.  ECF No. 16; ECF No. 15-2.  The footage also depicts a bandage around Franklin's arm from a prior stab wound he had sustained before this fight.  ECF No. 16.

Officer Evans, who personally escorted Franklin from the cell, noted that Franklin had sustained "a small laceration to his right upper lip area," ECF No. 15-2 at 8.  Nurse Duwad King, who examined Franklin, described him as "irate."  *Id.*  Franklin refused to allow King to assess the wound on his arm*. Id.*  King also noted Franklin's wound lip appeared minor.  *Id.  See also* ECF No. 15-2 at 7 (contemporaneous photographs of Franklin showing no real injury to his lip).  Thereafter, staff medically cleared Franklin and he was discharged from the medical unit.  ECF No. 15-2 at 3, 4, and 10.

## II.     Standard of Review

Defendants move to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment to be granted in their favor.  Such motions implicate the court's discretion under Rule 12(d).  *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.,* 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012).  Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P.

12(d).  The court maintains "'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

For certain of the Defendants – Paro, Russell, Bailey, Purnell, and Peppers – their challenges principally focus on the lack of sufficiency in the complaint allegations.  Accordingly, the motion as to those Defendants will be treated as one for dismissal under Federal Rule of Civil Procedure 12(b)(6).  A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  Because Franklin proceeds pro se, the Court gives the pleadings an especially charitable reading to let all potentially viable claims move forward.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Officers involved in the excessive force incident, Kolacz and Ailstock, attach records to the motion and urge the Court to grant summary judgment in their favor.  Franklin has thus been given sufficient notice that the Court may review the claims under the summary judgment standard.  *See, e.g., Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005).  Under Rule 56(a), "[t]he court

shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249-50.

### III.   Analysis

#### A.   Motion to Dismiss

Turning first to the claims against Defendants Peppers, Bailey, Purnell, Russell, and Paro. The Defendants rightly argue that they must be dismissed from suit because even construing the Complaint most favorably to Franklin, these Defendants played no role in the incident forming the basis of the excessive force claim.[2] Section 1983 extends liability only to persons acting "under color of law" whose acts or omissions violate the plaintiff's constitutional or statutory rights. 42 U.S.C. § 1983 ("[e]very person who, under color of any statute, ordinance, regulation, custom, or

---

[2] These Defendants also correctly argue that they are immune from suit under the Eleventh Amendment to the United States Constitution for claims brought against them in their official capacities. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

usage ... subjects, or causes to be subjected, any ... person ... to the deprivation of any rights[.]"). *Gellert v. Distr. Ct. of Md.*, No. PX-20-3004, 2021 WL 37659, at *2 (D. Md. Jan. 5, 2021) (person under 1983 must be an individual or bodies politic or corporate). Supervisors cannot be held accountable under § 1983 for the constitutional violations of their subordinates solely under a principal-agent liability theory. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Liability for constitutional violations "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Thus, a supervisor may be held liable for constitutional violations of a subordinate where the evidence shows that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury that the plaintiff had suffered. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

When viewing the Complaint facts most favorably to Franklin, nothing makes plausible that these Defendants played any meaningful role in subduing or extracting Franklin from the cell. The Complaint alleges no involvement for Major Peppers; he seems only to have been notified of the incident in Franklin's cell. ECF No. 15-2 at 3. Officer Paro merely escorted Franklin to administrative segregation. And Officer Russell solely advised Franklin that if he wished to

complain about certain property that went missing while he was away from his cell, he must file and administrative grievance. Warden Bailey and Captain Purnell are only faulted for their response to Franklins' complaints that he had filed with the Commissioner of Correction. *Id*. 8, 10. But nothing in those allegations supports the Defendants' personal involvement in any constitutional violations. Given this, the Defendants Peppers, Paro, Russell, Bailey and Purnell are dismissed from this suit.

### B. Summary Judgment

Turning next to Officers Kolacz and Ailstock's motion, they argue that no record evidence supports the excessive force claim against them. The Court agrees.

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This prohibition "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). An officer violates an inmate's Eighth Amendment right when he subjects the inmate to "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

To prevail on an Eighth Amendment excessive force claim, some record evidence must show that the officer intentionally inflected serious injury on the inmate and "with a sufficiently culpable state of mind." *Williams*, 77 F.3d at 761. An officer acts with a sufficiently culpable state of mind when he inflicts force "maliciously or sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). Factors for consideration are: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat;" and "(4)

6

any efforts made to temper the severity of a forceful response." *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008) (quoting *Whitley*, 475 U.S. at 321). An officer's use of "mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain" constitutes a violation of the Eight Amendment's prohibition against cruel and unusual punishment. *Williams*, 77 F.3d at 763, *see also Iko*, 535 F.3d at 239-40; *Dean v. Jones*, 984 F.3d 295, 302-03 (4th Cir. 2021) (officer's use of pepper spray against prisoner who was cuffed and lying prone sufficient to support a finding of malice).

When viewing the evidence most favorably to Franklin, nothing suggests that Officers Kolacz and Ailstock deployed pepper spray excessively and with the sole purpose of inflicting pain on Franklin. Rather, Franklin and his cell mate were fighting, the cellmate was armed with a pen, and neither man complied with orders to stop fighting. To bring both inmates under control in a tight cell without risking further physical injury, the officers deployed a short burst pepper spray through the cell door. Once the spray temporarily disabled the men, the officers were able to gain control and escort them without incident. *See* ECF No. 16. *Cf. Whitley*, 475 U.S. at 320-21 (Eighth Amendment claim requires force to be inflicted "maliciously and sadistically for the very purpose of causing harm" rather than as "a good faith effort to maintain or restore discipline."). Accordingly, because the record viewed most favorably to Franklin does not support that either officer used the pepper spray for the mere purpose of inflicting pain, the claim fails as a matter of law. Summary judgment is granted in favor of Kolacz and Ailstock.

### C.     Remaining Claims Related to Medical Care

As a final matter, the Complaint appears to allege that Franklin received constitutionally inadequate medical care after he was pepper sprayed. ECF No. 1. But the Complaint fails to name any medical providers as defendants or explain how anyone delivered constitutionally inadequate

medical care. Although the Complaint mentions "David Kwad, RN," the Court surmises that Franklin meant to include nurse King in the Complaint. ECF No.1. But nurse King was never served, and so no claims are perfected as to him. ECF No. 9. Because none of the claims against named Defendants survive challenge, this Complaint will be dismissed, and the case closed. However, because the named Defendants were not involved in Franklin's care, Franklin is free to file a new complaint against those individual healthcare providers whom he believes provided him constitutionally inadequate medical attention.

### IV. Conclusion

For the reasons stated, Defendants' Motion to Dismiss or for Summary Judgment is granted. The claims are dismissed without prejudice as to Defendant Officers Russell and Paro, Major Peppers, Warden Bailey and Captain Purnell; and summary judgment is granted in favor of Defendant Officers Kolacz and Ailstock. All claims related to inadequate medical care are dismissed without prejudice.

A separate Order follows.

| | |
|---|---|
| 9/11/24 | /S/ |
| Date | Paula Xinis<br>United States District Judge |